<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

| | |
|---|---|
| **PETER INGRIS,** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| **v.** | : |
| | : |
| **TATIANA DREXLER, et al.,** | : |
| | : |
| **Defendants.** | : |

_____:

                **Civil Action No. 14-2404 (ES)(MAH)**

                **MEMORANDUM**
                **OPINION & ORDER**

SALAS, DISTRICT JUDGE

## I.      INTRODUCTION

Before the Court are motions to dismiss by Defendants Česká Televize, (D.E. No. 12), and Ringier Axel Springer Verlag CZ ("Ringier Axel"), (D.E. No. 65). This Court referred the motions to Magistrate Judge Michael Hammer. For the reasons below, the Court adopts Judge Hammer's Report and Recommendation ("R & R") for each motion, and GRANTS Defendants Česká Televize's and Ringier Axel's motions to dismiss.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Defendants Česká Televize and Ringier Axel filed motions to dismiss on May 30, 2014 and July 16, 2014, respectively. (D.E. Nos. 12, 65). Judge Hammer heard oral argument on the motions on September 9, 2014. (D.E. No. 87 (Hr'g Tr.)). On September 12, 2014, Judge Hammer issued an R & R for each motion recommending dismissal based on improper service and lack of personal jurisdiction. (D.E. Nos. 82, 83). Judge Hammer advised the parties that they had fourteen days to file and serve any objections to the R & Rs pursuant to Local Civil Rule 72.1(c)(2). Also on September 12, 2014, the Court issued an Order to Show Cause why subject matter jurisdiction

exists as to Plaintiff Peter Ingris's claims against other defendants.  (D.E. No. 84).

On September 24, 2014, Plaintiff filed a letter response to the Court's Order to Show Cause. (D.E. No. 89).  In addition to responding to the Order to Show Cause, Plaintiff included arguments that appear to be objections to Judge Hammer's R & R rulings on the motions to dismiss by Česká Televize and Ringier Axel.  (D.E. No. 89 at 16-22).  Plaintiff characterized his objections as a motion to modify the dismissal against Ringier Axel and a motion to reconsider the dismissal against Česká Televize.  (D.E. No. 89 at 1).  The thrust of Plaintiff's objections is the same for both Defendants; he argues that the Court's dismissal was improper because he properly served each Defendant pursuant to the Hague Convention.  (D.E. No. 89 at 16-22).  Both Defendants are media companies operating in the Czech Republic.  (D.E. No. 1 (Compl.) at 3, 4).

On October 1, 2014, Česká Televize filed a letter noting that Plaintiff's September 24, 2014 letter response, (D.E. No. 89), was not a proper objection to Judge Hammer's R & R, but nonetheless substantively responding to the arguments in that letter.  (D.E. No. 90).  On October 6, 2014, Plaintiff filed a letter response explaining that he was unaware of Local Civil Rule 72.1(c), which governs objections to Magistrate Judges' proposed findings, recommendations, and reports. (D.E. No. 91).  Plaintiff requested that his previous letter, (D.E. No. 89), "be treated in lieu of plaintiff's response to your honor'[s] Report, pursuant to local rule 72."[1]

In light of Plaintiff's *pro se* status and in the interest of justice, the Court will construe Plaintiff's arguments in his September 24, 2014 submission, (D.E. No. 89), as objections to both of Judge Hammer's R & Rs.

---

[1] Plaintiff's October 6, 2014 letter, (D.E. No. 91), only addresses Judge Hammer's R & R with respect to Česká Televize (not Ringier Axel), and raises for the first time arguments relating to Judge Hammer's finding of no personal jurisdiction over Česká Televize.

### III.    STANDARD OF REVIEW

"When a litigant files an objection to a Report and Recommendation, the district court must make a *de novo* determination of those portions to which the litigant objects." *Leonard Parness Trucking Corp. v. Omnipoint Commc'ns, Inc.*, No. 13-4148, 2013 WL 6002900, at *2 (D.N.J. Nov. 12, 2013) (internal citations omitted).

### IV.    ANALYSIS

#### a.  Motion to Dismiss By Česká Televize (D.E. No. 12)

On May 30, 2014, Defendant Česká Televize moved to dismiss Plaintiff's claims based on (1) improper service and (2) lack of personal jurisdiction.  Judge Hammer found that dismissal was warranted based on either ground.  (Hr'g Tr. at 4).  In his September 24, 2014 objection, Plaintiff argued that Česká Televize was properly served under the Hague Convention and that therefore the Complaint against it was dismissed in error.  (D.E. No. 89 at 19-22).

A party must comply with the Hague Convention when serving a foreign defendant in a signatory country.  *See Shenouda v. Mehanna*, 203 F.R.D. 166, 170 (D.N.J. 2001); T.I.A.S. No. 6638, 20 U.S.T. 361, 1969 WL 97765.  Under the Hague Convention, a party in the Czech Republic must be served through the designated "Central Authority," the Ministry of Justice of the Czech Republic.  *See* Hague Conference on Private International Law, Authorities: Czech Republic, http://www.hcch.net/index_en.php?act=authorities.details&aid=249.  Plaintiff has not served Česká Televize pursuant to the Hague Convention.  As Judge Hammer stated on the record during the September 9, 2014 hearing, Plaintiff at least initially attempted to serve Česká Televize by mail and e-mail, which the Czech Republic does not permit.  (Hr'g Tr. at 7).  Though Plaintiff argues in his September 24, 2014 submission that Česká Televize was served pursuant to the Hague

3

Convention on August 14, 2014, the Court's review of Plaintiff's supporting documentation reveals that this is not correct.  (D.E. No. 89 at 19-22; D.E. No. 79).

Following Judge Hammer's hearing, Plaintiff submitted a status report indicating that his service request was received by foreign authorities on August 14, 2014 via Fed-Ex.  (D.E. No. 79). However, Plaintiff has not submitted proof that the Czech Ministry of Justice completed Plaintiff's request by serving his Complaint on Česká Televize.  As Plaintiff admits in his October 6, 2014 letter response, "it is up to the Czech Ministry of Justice to proceed in accordance to the Hague Convention, and to provide return of service.  As I was advised by the US Central Authority – the Process Server International, Seattle, according to their experience, this will take until December 2014."  (D.E. No. 91 at 6).  Plaintiff therefore appears to recognize that service has not been completed by the Central Authority, as required by the Hague Convention.[2]  The Court therefore concludes that Česká Televize's motion to dismiss should be granted for lack of service.

Even assuming that proper service occurred, dismissal is still warranted based on lack of personal jurisdiction.  It does not appear that Plaintiff objected to this ground for dismissal in his September 24, 2014 submission, (D.E. No. 89).  Plaintiff raises the issue of personal jurisdiction for the first time in his October 6, 2014 letter, but it is unclear whether he lodges a formal objection. Rather, Plaintiff argues that Judge Hammer's finding of no personal jurisdiction was predicated on lack of service, and was not an independent basis for dismissal.  (D.E. No. 90 at 2-5).  Plaintiff

---

[2] Though Federal Rule of Civil Procedure 4(m), which sets a 120-day frame for effecting service, "does not apply to foreign defendants, a court may still dismiss a case for failure to serve a foreign defendant within a reasonable time frame under the 'flexible due diligence standard.'"  *In re Bulk (Extruded) Graphite Prods. Antitrust Litig.*, No. 2-6030, 2006 WL 1084093, at *3 (D.N.J. Apr. 24, 2006).  Plaintiff's Complaint was filed on April 14, 2014.  (D.E. No. 1).  Therefore, even if Plaintiff were to complete Česká Televize at some point (and based on the current record, the Court does not find that there is a reasonable chance this will occur), the Court would still have authority to dismiss Plaintiff's Complaint.  Moreover, Plaintiff does not even mention any attempt to serve Defendant under the Hague Convention until *after* the oral argument in which Judge Hammer found that he had not diligently pursued service.  (D.E. No. 87 at 8).

appears to imply that since service is complete, there can be no issue as to personal jurisdiction. (*Id.*).  This is incorrect on two levels.  First, as discussed above, Plaintiff has not demonstrated proper service of Česká Televize.  Second, Judge Hammer's recommendation of dismissal based on lack of personal jurisdiction was independent of his recommendation of dismissal based on lack of service.  (D.E. No. 87 at 9 ("[Lack of service] itself would be enough to recommend dismissal of the plaintiff's claims against [Česká Televize].  However, the Court also notes that there is no showing of personal jurisdiction. . . . .).

In any event, the Court agrees with Judge Hammer that personal jurisdiction is lacking. Plaintiff has the burden of proving that personal jurisdiction is proper.  *See Metcalfe v. Renaissance Marine*, 566 F.3d 324, 330 (3d Cir. 2009).  The doctrine of general jurisdiction permits a court to exercise personal jurisdiction over a non-resident when the defendant has engaged in "systematic and continuous" activities in the forum state. See *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16, (1984). In the absence of general jurisdiction, specific jurisdiction permits a court to exercise personal jurisdiction over a non-resident defendant where, traditionally, there are "minimum contacts" between the defendant and the forum state.  *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368-69 (3d Cir. 2002).

Here, Plaintiff argues that personal jurisdiction exists in New Jersey because Česká Televize's content may be broadcast and viewed anywhere in the world through its website, including in New Jersey.  (*See* D.E. No. 21-1 at 16-17).  Because Plaintiff argues that his cause of action arises out of Česká Televize's contacts with the forum state, the Court will conduct a "specific jurisdiction" analysis.  *Pinker*, 292 F.3d at 368.

To determine whether specific jurisdiction exists over an internet website, the Third Circuit applies the "sliding scale" analysis articulated in *Zippo Manufacturing. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1123-24 (W.D. Pa. 1997). *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 452 (3d Cir. 2003). Whether personal jurisdiction exists "depends on where on a sliding scale of commercial interactivity the web site falls." *Id.* Personal jurisdiction exists "[i]n cases where the defendant is clearly doing business through its web site in the forum state, and where the claim relates to or arises out of use of the web site." *Id.* Since *Zippo*, several courts have also focused on whether the defendant intentionally interacted with the forum state via the website— in other words, whether the website "purposefully availed" itself to jurisdiction in the forum state. *Id.* at 453; *see also Desktop Tech., Inc. v. Colorworks Reprod. & Design*, No. 98-5029, 1999 WL 98572, at *5 (E.D. Pa. Feb. 25, 1999). Accordingly, the Third Circuit has held "exercise of personal jurisdiction to be proper where the commercial web site's interactivity reflected specifically intended interaction with residents of the forum state." *Toys "R" Us*, 318 F.3d at 452.

Plaintiff has not demonstrated that Česká Televize "purposefully availed" itself to personal jurisdiction in New Jersey based on its website or internet activities, or that it intentionally interacted with New Jersey residents. Though Česká Televize's website makes its contents available to viewers across the world, including those in New Jersey, (D.E. No. 32-3), personal jurisdiction is improper over defendants "who merely make information available on the Internet." *Zippo*, 952 F. Supp. at 1124. Plaintiff's arguments that Česká Televize's website offers detailed guidance regarding how to access its content are also insufficient to establish personal jurisdiction, as he does not allege that this guidance was intentionally directed at New Jersey residents. (*See* D.E. No. 32-1 at 16). There is no evidence that New Jersey residents were ever targeted, solicited,

or subject to any other intentional interaction by Česká Televize through its website or any other means.  Accordingly, Plaintiff has not met his burden of demonstrating that personal jurisdiction exists over this Česká Televize.

### b.  Motion to Dismiss By Ringier Axel (D.E. No. 65)

On August 15, 2014, Defendant Ringier Axel moved to dismiss Plaintiff's claims based on (1) improper service; (2) lack of personal jurisdiction; and (3) failure to state a claim.  Judge Hammer recommended dismissal based on either improper service or lack of personal jurisdiction.  (D.E. No. 79 at 49-50).  In his September 24, 2014 submission, Plaintiff argued that Ringier Axel was properly served under the Hague Convention and that therefore the Complaint against it was dismissed in error.  (D.E. No. 89 at 19-22).

Specifically, Plaintiff argues that he properly served Ringier Axel because he served "its U.S. subsidiary/alter-ego, Axel Springer Group USA, located in New York City, State of New York." (D.E. No. 89 at 19).  Whether Axel Springer Group USA was properly served is the subject of a separate Motion to Quash that is pending before the Court, (D.E. No. 94), and the Court does not need to reach this issue at this time.  However, even if Plaintiff did properly serve Axel Springer Group USA, it would not constitute service on Ringier Axel.

Service on a subsidiary is insufficient to establish jurisdiction over a corporate parent absent authorization to accept service, and the law does not imply authorization by virtue of a corporate affiliation.  *Colida v. LG Elec.*, 77 F. App'x 523, 527 (Fed. Cir. 2003) (citing *Patent Incentives, Inc. v. Seiko Epson Corp.*, No. 88-107, 1988 WL 92460, at *4 (D.N.J. Sept. 6, 1998)); *see also Beem v. Noble Americas Corp.*, No. 14-2632, 2014 WL 5317756, at *4 (S.D.N.Y. Oct. 16, 2014) ("Service upon a subsidiary of a foreign corporation does not constitute sufficient service

of process."). Here, Plaintiff has provided no evidence that Axel Springer Group USA was authorized to accept service on behalf of Ringier Axel, and therefore the only question is whether Ringier Axel was properly served under the Hague Convention.

As Judge Hammer explained on the record during the September 9, 2014 hearing, there is no dispute that Plaintiff did not attempt to serve a translated version of the English Summons and Complaint on Ringier Axel as required by the Hague Convention. (D.E. No. 87 at 50-51). Moreover, Plaintiff did not attempt to serve the Amended Complaint at all. (*Id.*). As Plaintiff has failed to comply with the terms of the Hague Convention in attempting to serve Ringier Axel, the Court finds that Plaintiff has not properly served this defendant.

Finally, as explained above, even if Plaintiff properly served Ringier Axel, the Court does not have personal jurisdiction over this defendant. Plaintiff does not appear to raise objections to Judge Hammer's ruling on personal jurisdiction in his September 24, 2014 submission, (D.E. No. 89), and, in any event, the Court agrees with Judge Hammer that personal jurisdiction is lacking for the reasons stated on the record during the September 9, 2014 hearing. (D.E. No. 87 at 51-54). Because the Court finds that Ringier Axel has not been properly served and is not subject to personal jurisdiction, the Court does not need to consider Ringier Axel's arguments that Plaintiff failed to state a claim for relief under Fed. R. Civ. P. 12(b)(6).

## V.    CONCLUSION

For the reasons stated above and in Judge Hammer's R & Rs dated September 12, 2014 (D.E. Nos. 82, 82),

**IT IS** on this 17th day of December 2014,

**ORDERED** that this Court adopts Judge Hammer's Reports and Recommendations, (D.E.

Nos. 82 and 83), as the Opinion of this Court; and it is further

**ORDERED** that the motions to dismiss by Defendants Česká Televize and Ringier Axel, (D.E. Nos. 12, 65), are GRANTED; and it is further

**ORDERED** that Plaintiff's claims against Defendants Česká Televize and Ringier Axel are dismissed *with prejudice*.

<u>s/Esther Salas</u>
**Esther Salas, U.S.D.J.**