<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **PETER INGRIS,** | : |
| Plaintiff, | : Civil Action No. 14-2404 (ES)(MAH) |
| | : |
| v. | : **MEMORANDUM OPINION & ORDER** |
| **TATIANA DREXLER, et al.,** | : |
| Defendants. | : |

**SALAS, DISTRICT JUDGE**

### I. INTRODUCTION

Before the Court are motions to dismiss by Defendants Jennifer DeLorenzi, (D.E. No. 46 ("DeLorenzi Mov. Br.")), and Christine Krentzlin, (D.E. No. 58 ("Krentzlin Mov. Br.")). For the reasons below, the court GRANTS Defendants DeLorenzi's and Krentzlin's motions to dismiss.

### II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff's Amended Complaint is over 100 pages long, and contains a multitude of allegations and defendants. (D.E. No. 3 ("Am. Compl.")). The Court briefly reviews the factual allegations pertaining to Defendants DeLorenzi and Krentzlin, whose motions to dismiss are presently before the Court.

#### a. DeLorenzi

Plaintiff's primary allegations against DeLorenzi may be found at paragraphs 223-41 of the Amended Complaint. (Am. Compl. ¶¶ 223-41).

Plaintiff alleges that, at all relevant times, DeLorenzi was an employee of Dancesport4You Inc. ("DS4You"), a New Jersey Corporation located in Caldwell, New Jersey. (Am. Compl. at 55,

¶¶ 223). He alleges that while non-party Iliyana Schaaf (Plaintiff's former fiancée and business partner) was away and unable to teach Zumba class, DeLorenzi conspired with other Zumba teachers and coerced them to refuse to serve as substitute teachers if requested by DS4You or Plaintiff. (*Id.* ¶ 225).

In addition, Plaintiff alleges DeLorenzi subsequently defamed Plaintiff and Schaaf on DeLorenzi's Facebook page, via email, and privately during personal conversations. (*Id.* ¶¶ 226-32). He further alleges that DeLorenzi stole over one hundred Zumba customers from Plaintiff and Schaaf, (*id.* ¶ 234), and conspired with other Zumba teachers to stifle competition for DS4You, (*id.* ¶¶ 240-41).

Finally, Plaintiff alleges that though he tried to resolve his disputes with DeLorenzi in good faith, DeLorenzi coerced Plaintiff to pay wages allegedly owed to her and filed a suit against Plaintiff and DS4You in New Jersey Superior Court. (*Id.* ¶¶ 235-39).

### b. Krentzlin

Plaintiff's primary allegations against Krentzlin may be found at paragraphs 182-203 of the Amended Complaint. (Am. Compl. ¶¶ 182-203).

Plaintiff alleges that he first met Krentzlin in New Jersey in approximately 2007, when her husband approached him about giving Krentzlin private dance lessons. (*Id.* ¶¶ 182-83). Plaintiff alleges that Krentzlin began exchanging private information about the Plaintiff with others and misrepresenting facts about Plaintiff's private life and business activities. (*Id.* ¶ 185). In addition, Plaintiff alleges that Krentzlin made comments about Plaintiff's national and racial background, at times in front of others, causing him to feel "very embarrassed and humiliated." (*Id.* ¶¶ 187-92).

2

At some point, Krentzlin became a communication therapist for Plaintiff and Schaaf, and Plaintiff makes various allegations that Krentzlin "used her controlling position as Ingris' and Schaaf's communication therapist, and during the communication sessions manipulated Schaaf's volatile emotional state, by presenting mischaracterized, distorted details about Ingris's previous personal life . . . to manipulate Schaaf into Schaaf's change of heart towards Ingris." (*Id.* ¶¶ 197-99, 207-21). He also alleges that Krentzlin made statements and interfered with Plaintiff's legal dispute with the Borough of Caldwell. (*Id.* ¶¶ 200-03).

### III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set forth "a short and plain statement of the claim showing that a pleader is entitled to relief."  The pleading standard announced by Rule 8 does not require detailed factual allegations; however, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  In addition, the plaintiff's short and plain statement of the claim must "give the defendants fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citation omitted).

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

3

In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). But, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Furthermore, in ruling on the present motion, the Court must construe Plaintiff's complaint liberally. A "pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Nevertheless, a "litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010). "[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citation omitted).

### IV.   DISCUSSION

Plaintiff alleges overlapping causes of action against Defendants DeLorenzi and Krentzlin. Accordingly, the Court will address each cause of action in turn, and consider whether Plaintiff has adequately pled that cause of action against either Defendant.

### a. Intentional Infliction of Emotional Distress (IIED)

4

To state a claim for IIED in New Jersey, a plaintiff must make four showings. First, the plaintiff must show that the defendant acted intentionally or recklessly. *Drisco v. City of Elizabeth*, No. 12-2111, 2013 WL 6450221, at *9 (D.N.J. Dec. 9, 2013). Second, the plaintiff must demonstrate that the defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id*. (quoting *Buckley v. Trenton Saving Fund Soc'y*, 11 N.J. 355, 336 (1988)). Third, the plaintiff must show that the defendant's conduct was the cause of plaintiff's emotional distress. *Id*. Finally, the plaintiff must show that "the emotional distress suffered by the plaintiff [was] 'so severe that no reasonable man could be expected to endure it.'" *Id.* (quoting *Buckley*, 11 N.J. at 366); *see also Corominas v. Oshrin*, No. 13-6067, 2014 WL 4854578, at *2 (D.N.J. Sept. 29, 2014).

Here, Plaintiff has failed to allege facts sufficient to state a cause of action for IIED against either DeLorenzi or Krentzlin. Put simply, Plaintiff has not alleged any conduct that is "beyond all possible bounds of decency" for either defendant. *See Buckley*, 11 N.J. at 366. "Examples of conduct found to be extreme and outrageous by New Jersey courts include, when a physician, knowing it to be false, told parents their son was suffering from cancer; spreading a false rumor that plaintiff's son had hung himself; bringing a mob to plaintiff's door with a threat to lynch him if he did not leave town; and wrapping up a gory dead rat inside a loaf of bread for a sensitive person to open." *Coefield v. GPU*, 125 F. App'x 445, 450 (3d Cir. 2005) (quoting *McConnell v. State Farm Mut. Ins. Co.*, 61 F. Supp. 2d 356, 363 (D.N.J. 1999)). Plaintiff's allegations do not rise to this level. Plaintiff also has not alleged the element of causation—while his Complaint is brimming with allegations of wrongdoing, he has not alleged a causal link between actions by

5

DeLorenzi and Krentzlin in particular and any resulting emotional distress. *See Buckley*, 11 N.J. at 366. Moreover, with respect to Defendant DeLorenzi, "conduct or decisions made in the employment context 'rarely rise to the level of outrageousness necessary to provide a basis for recovery for intentional infliction of emotional distress.'" *Iwanicki v. Bay State Milling Co.*, No. 11-1792, 2011 WL 6131956, at *8 (D.N.J. Dec. 7, 2011) (quoting *Hillburn v. Bayonne Parking Auth.*, No. 07-5211, 2009 U.S. Dist. LEXIS at 6762, at *32 (D.N.J. Jan. 29, 2009)). Though Plaintiff was not fired by DeLorenzi, as is often the case where IIED is alleged, the rationale behind this rule is applicable here: "the workplace has too many personal conflicts and too much behavior that might be perceived as uncivil for the courts . . . . [C]onduct in the workplace will rarely be so egregious as to give rise to a claim of intentional infliction of emotional distress." *Ingraham v. Ortho-McNeil Pharm.*, 422 N.J. Super. 12, 23 (N.J. Super. Ct. App. Div. 2011). Defendants are therefore entitled to summary judgment on Plaintiff's IIED claim.

**b. False Light, Invasion of Privacy**

In New Jersey, a defendant is subject to liability for false light invasion of privacy when the defendant "gives publicity to a matter concerning [the plaintiff] that places the [plaintiff] before the public in a false light [and] . . . (a) the false light in which the [plaintiff] was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the [plaintiff] would be placed." *Romaine v. Kallinger*, 129 N.J. 282, 290 (N.J. 1988) (quoting Restatement (Second) of Torts § 652E (1977)); *see also Perez v. Factory Direct of Secaucus, LLC*, No. 13-327, 2013 WL 5770734, at *7 (D.N.J. Oct. 23, 2013) (quoting *Cibenko v. Worth Publishers, Inc.*, 510 F. Supp. 761, 766 (D.N.J. 1981)).

With respect to Krentzlin, Plaintiff has not alleged publication of any statement allegedly placing Plaintiff in a false light. "[I]t is not an invasion of the right of privacy . . . to communicate a fact concerning the plaintiff's private life to a single person or even to a small group of persons." Restatement (Second) of Torts § 652D, cmt. a (1977). Plaintiff's allegations against Krentzlin primarily involve Krentzlin's statements to Schaaf, which are not statements that "give publicity" to the matter discussed. *See* Restatement (Second) of Torts § 652D; 652E. Though Plaintiff makes several allegations about statements that Krentzlin "made in public,"—for example, "that Ingris is prosecuted by Borough of Caldwell because of Ingris' illegal misconduct, rather than because of Ingris' race," (Am. Compl. ¶ 200), and "false statements, in public distorting confidential, privileged information, about internal corporate matters," (*id*. ¶ 252)—these allegations do not adequately state a claim for relief. Plaintiff has not allegedly with any specificity what the alleged statements were about, when they were made, or to whom they were made. In sum, the allegations against Krentzlin do not give rise to a cause of action for false light invasion of privacy.

With respect to DeLorenzi, Plaintiff alleges that DeLorenzi disclosed false light private information to DS4You clients on her Facebook page and through emails. (*Id*. ¶ 222). However, these allegations are not sufficient to state a claim for relief for false light invasion of privacy because Plaintiff has not shown that (1) the alleged statements would be highly offensive to a reasonable person, or (2) DeLorenzi recklessly disregarded the falsity of the publicized material. *See Romaine*, 199 N.J. at 290 (quoting Restatement (Second) of Torts § 652E). First, "[t]he publicized material in a false-light claim must constitute a 'major misrepresentation of [plaintiff's] character, history, activities, or beliefs.'" *Id.* at 295 (citation omitted). Hypersensitive persons are not specially protected as "the material publicized 'must be something that would be objectionable

7

to the ordinary person under the circumstances.'" *Id.* (citing W. Page Keeton et al., Prosser and Keeton on the Law of Torts, § 117, at 864 (5th ed. 1984)). Here, Plaintiff has not specifically alleged any statements that an ordinary person would consider highly offensive. The only specifically alleged statements are that DeLorenzi "published on [sic] Internet information, that Ingris 'closed the door behind her' and that DS4You does not have any Zumba teachers left" and that DeLorenzi "was mistreated by 'condescending' Ingris," (Am. Compl. ¶ 229, 231). These statements would not be "highly offensive" to the ordinary person. In any event, Plaintiff also has not pled the "knowing or reckless" element of this claim with specificity. *See Romaine*, 109 N.J. at 294. A "conclusory allegation [of reckless disregard of falsity], without more, is insufficient to state a claim for false light." *Perez*, 2013 WL 5770734, at *7. It appears that Plaintiff does not even allege knowing or reckless disregard of falsity by DeLorenzi, and his claim fails for this reason as well.

### c. Interference with Contractual Relations and Economic Benefits

To state a claim for interference with contractual relations in New Jersey, a "plaintiff must allege (1) a protectable right, *i.e.*, a contract; (2) intentional and malicious interference with the protectable right, (3) that causes a loss with resulting damages." *A. & M. Wholesale Hardware Co. v. Circor Instrumentation Techs., Inc.*, No. 13-0475, 2014 WL 714938, at *8 (D.N.J. Feb. 24, 2014) (citing *Printing Mart–Morristown v. Sharp Elecs. Corp.*, 116 N.J. 739, 751-52 (1989)). To state a claim for interference with economic benefits, a plaintiff must allege essentially the same elements—the "only distinction is that it must allege a prospective economic advantage as the protectable right, as opposed to a contract." *Id.* (citing *Macdougall v. Weichert*, 144 N.J. 380, 403-04 (1996)); *see also Carpet Group Int'l v. Oriental Rug Importers Ass'n, Inc.*, 256 F. Supp. 2d.

8

249, 288 (D.N.J. 2003), *aff'd*, 173 F. App'x 178 (3d Cir. 2006) ("The requirements for each claim are identical except that the tortious interference with contractual relations claim requires proof of an existing contract.").

Plaintiff has not stated a claim for interference with contractual relations because he has not alleged the existence of a contract. Similarly, he has not stated a claim for interference with an economic benefit because he has not alleged the existence of an economic benefit. A claim for interference with an economic benefit requires that "there must be some allegations of fact giving rise to some 'reasonable expectation of economic advantage.'" *Printing Mart-Morristown*, 116 N.J. at 751 (quoting *Harris v. Perl*, 41 N.J. 455, 462 (1964)). Accordingly, Defendants are entitled to dismissal on these claims.

### d. Defamation

To state a claim for defamation in New Jersey, a plaintiff must allege "(1) the assertion of a false and defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting at least to negligence by the publisher." *Rivera v. Zweigle*, No. 13-3024, 2014 WL 6991954, at *5 (D.N.J. Dec. 9, 2014) (quoting *DeAngelis v. Hill*, 180 N.J. 1, 12 (2004)). Whether a statement is defamatory, however, depends on "its content, verifiability, and context." *Lynch v. N.J. Educ. Ass'n*, 161 N.J. 152, 167 (1999). The statement must be factual, *i.e.*, it must be capable of being proven true or false. *Id.* Accordingly, statements of pure opinion are not defamatory because they "reflect a state of mind" and, therefore, generally "cannot be proved true or false." *Id.* For example, statements that a person "was dishonest and lacking in integrity" is an opinion that is generally not subject to verification. *Gulrajaney v. Petricha*, 381 N.J. Super. 241, 253 (App. Div. 2005).

9

Plaintiff has not stated a claim for defamation against either Defendant. First, with respect to Krentzlin, Plaintiff has not alleged the "publication" of any statement to any third party. Plaintiff mainly alleges that Krentzlin made remarks about Plaintiff *to Plaintiff*—not to anyone else. (Am. Compl. ¶¶ 187-92). The only specifically alleged statement made by Krentzlin to a third party was a statement by Krentzlin to her husband "that Ingris does not know how to speak to Krentzlin, in the way, Krentzlin would understand." (*Id.* ¶ 193). This statement is a non-defamatory statement of opinion. While Plaintiff generally alleges that Krentzlin made statements "in public," the Amended Complaint is devoid of specific information such as when the statements were made, to whom, and what those statements were about. (*Id.* ¶ 250-55). Moreover, the Court notes that many of the statements that Krentzlin allegedly made are not about Plaintiff himself, but rather general views about race and nationality. (*Id.* ¶¶ 187-92).

With respect to DeLorenzi, Plaintiff does not allege the publication of any statement to a third party with enough specificity to state a claim for defamation. Plaintiff generally alleges that DeLorenzi "misrepresented" Plaintiff and coerced customers to stay away from him, (*Id.* ¶¶ 226-234), but he has not identified any specific defamatory statements. Therefore, Defendants are entitled to summary judgment on Plaintiff's defamation claims.

e. **Racketeer Influenced and Corrupt Organizations Act ("RICO")**

Plaintiff's fifth cause of action states that "Hoppe, Drexler, Krentzlin, McDonald, Evgamukov, Horvath, Misurenlkovas and Zaver are members/associates of NJRICO enterprise and all participated in racketeering activities including fraud, mail fraud, wire fraud, coercion, conversion, terroristic threats, conspiracy, defamation, and retaliation in exercise of Ingris constitutionally protected rights [sic]." (*Id.* at 88). As an initial matter, Plaintiff does not allege

10

DeLorenzi's involvement in NJRICO enterprise. (*Id.*). However, even if he had, the claim would fail for the reasons discussed below with respect to Krentzlin.

To state a claim under RICO, a plaintiff must show "racketeering activity." 18 U.S.C. § 1962(c). Racketeering activity "must be either a specified federal offense or 'any act involving murder, kidnaping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical . . . chargeable under State law and punishable by imprisonment for more than one year." *Yuhasz v. Poritz*, 166 F. App'x 642, 647 (3d Cir. 2006) (quoting 18 U.S.C. § 1961(1)). Plaintiff has not alleged that either Defendant engaged in any such activity. As a result, Plaintiff has failed to state a claim under RICO.

### f. Lanham Act Violations

Plaintiff alleges violations of the Lanham Act, 15 U.S.C. § 1125, for various instances of trademark infringement. (Am. Compl. ¶¶ 389-412). Though both Defendants address this claim in their respective briefs, (Krentzlin Mov. Br. at 41; DeLorenzi Mov. Br. at 15-17), it appears that Plaintiff does not assert this claim against these two Defendants. Rather, the claim is asserted against "all publishers," which include various media company Defendants, but not Krentzlin or DeLorenzi. (Am. Compl. ¶¶ 389-412). In any event, Plaintiff includes no allegations against Krentzlin or DeLorenzi relating to this claim, so even if he had asserted claims against them, they would be dismissed.

### g. Violations of Civil Rights Pursuant to 42 U.S.C. § 1981

Plaintiff alleges that "Defendants RDC, McDonald, Evgamukov, Krentzlin, and Mallouk Realty, and Chambers are liable for violation of Ingris' civil rights pursuant to 42 U.S.C. § 1981." (Am. Compl. ¶¶ 413-19). This claim is not asserted against DeLorenzi.

11

42 U.S.C. § 1981 "forbids discrimination on the basis of race in the making of public and private contracts." *Petrossian v. Collins*, 479 F. App'x 409, 410 (3d Cir. 2012) (citing *St. Francis Coll. v. Al-Khazraji*, 481 U.S. 604, 609 (1987)). To state a claim for violation of § 1981, "a plaintiff must allege that (1) he is a member of a racial minority; (2) the defendant intentionally discriminated against the plaintiff on the basis of race; and (3) the discrimination negatively affected his ability to engage in one of the protected activities, including formation of a contract." *Abdullah v. Small Bus. Banking Dept. of Bank of Am.*, 532 F. App'x 89, 90 (3d Cir. 2013) (citing *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001)).

Here, though Plaintiff includes allegations that Krentzlin's actions against Plaintiff were racially motivated, (Am. Compl. ¶¶ 199, 211, 213), he has not alleged with any specificity that Krentzlin's actions affected his ability "to engage in one of the protected activities, including formation of a contract." *See Abdullah*, 532 F. App'x at 90. Thus, Plaintiff's claim against Krentzlin fails.

### h. Failure to Prevent Civil Rights Conspiracy Pursuant to 42 U.S.C. § 1985

42 U.S.C. § 1985 prohibits conspiracies to deprive individuals of civil rights. To state a claim under § 1985, a plaintiff "must allege a conspiracy, motivated by a discriminatory based animus, for the purpose of depriving any person or class of the equal protection of the law and an act in furtherance of the conspiracy, whereby a person is injured." *Lee-Patterson v. N.J. Transit Bus Operations, Inc.*, 957 F. Supp. 1391, 1403 (D.N.J. 1997).

Plaintiff has not stated a claim for a civil rights conspiracy against either Defendant. Specifically, Plaintiff has neither alleged facts giving rise to a conspiracy, nor has he alleged any

facts indicating that he was deprived of any right. Accordingly, Plaintiff has not stated a claim for relief under § 1985.

### i. Consumer Fraud and False Arrest

Plaintiff's final cause of action states that Chambers and Mallouk Realty committed common law legal and equitable fraud and caused Plaintiff false arrest. (Am. Compl. ¶¶ 435-449). This claim does not appear to be asserted against either DeLorenzi or Krentzlin, and therefore does not require the Court's attention at this time. In any event, Plaintiff includes no allegations against Krentzlin or DeLorenzi relating to this claim, so even if he had asserted claims against them, they would be dismissed.

### V. DISPOSITION OF REMAINING CLAIMS

Generally, a district court may *sua sponte* dismiss a claim under Rule 12(b)(6) after service of process only if the plaintiff is afforded an opportunity to respond. *See Oatess v. Sobolevitch*, 914 F.2d 428, 430 n.5 (3d Cir. 1990). A *sua sponte* dismissal, however, may stand even if the plaintiff is not provided notice and an opportunity to respond where it is clear that the plaintiff cannot prevail and that any amendment would be futile. *See Lazaridis v. Wehmer*, 591 F.3d 666, 672 (3d Cir. 2010) (affirming district court's denial of motion for reconsideration and *sua sponte* dismissal of complaint on multiple grounds); *see also Bethea v. Nation of Islam*, 248 F. App'x 331, 333 (3d Cir. 2007). Here, while Plaintiff did not receive specific notice of the possibility of dismissal of his federal claims as to all Defendants, Plaintiff was on notice and submitted opposition to Defendant's Krentzlin's and DeLorenzi's motions to dismiss. Plaintiff was also previously on notice and responded to motions to dismiss by Defendants Ringier Axel Springer and Ceska Televize, which the Court granted. (D.E. No. 114, Opinion and Order). As such,

Plaintiff has had the opportunity to respond and present his arguments in response to multiple motions to dismiss. After review of the filing, the Court has no reason to believe that Plaintiff has any federal claim against any Defendant in this matter, and it is clear that Plaintiff cannot prevail and any amendment would be futile. *See Ingris v. Bank of Am.*, No. 14-3726, 2015 WL 226000, at *4 (D.N.J. Jan. 16, 2015) (*sua sponte* dismissing federal claims against all defendants where same Plaintiff would not prevail and amendment would be futile). Plaintiff's Complaint is a series of disjointed, conclusory allegations, none of which add up to a plausible claim under the federal statutes cited. Consequently, Plaintiff's federal claims must be dismissed as to all Defendants.

Having dismissed all of Plaintiff's federal claims, the Court must determine whether to decline to exercise supplemental jurisdiction over any remaining state claims. 28 U.S.C. § 1367(c). When a district court dismisses all claims over which it has original jurisdiction before trial, it cannot continue to exercise supplemental jurisdiction over state law claims "unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Bright v. Westmoreland Cnty.*, 443 F.3d 276, 286 (3d Cir. 2006) (internal quotations omitted); *see also Rothman v. City of Northfield,* 716 F. Supp. 2d 369, 373 (D.N.J. 2010) (quoting 28 U.S.C. § 1367(c)(3)). Here, the Court has determined that the federal claims against Defendants must be dismissed with prejudice. In accordance with 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the remaining state law claims set forth in Counts 1, 2, 3, 4, and 10 of the Amended Complaint.

### VI.     CONCLUSION

For the reasons stated above, the Court GRANTS the motions to dismiss by Defendants DeLorenzi and Krentzlin and *sua sponte* dismisses Plaintiff's federal claims against all Defendants

in this matter. The Court further declines to exercise supplemental jurisdiction over Plaintiff's remaining state claims. Accordingly,

**IT IS** on this 30th day of March 2015,

**ORDERED** that Plaintiff's Amended Complaint, (D.E. No. 3) is dismissed in its entirety *with prejudice* against Defendants DeLorenzi and Krentzlin; and it is further

**ORDERED** that Plaintiff's Amended Complaint, (D.E. No. 3) is dismissed *with prejudice* against all Defendants with respect to its federal claims, Counts 5, 6, 7, 8, and 9; and it is further

**ORDERED** that the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state claims, Counts 1, 2, 3, 4, and 10; and it is further

**ORDERED** that the Clerk of the Court shall mark this case CLOSED; and it is further

**ORDERED** that the Clerk of the Court is directed to accept no more filings in this action from Plaintiff without express permission by the Court.

*/s Esther Salas*
**Esther Salas, U.S.D.J.**

15